O

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **JOSE V. ABANO,**<br>*Plaintiff,* | §<br>§<br>§ | |
| v. | §<br>§ | Civil Action No. L – 06 – cv – 23 |
| **MICHAEL CHERTOFF, Secretary of<br>Department of Homeland Security,**<br>*Defendant.* | §<br>§<br>§<br>§ | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Pending before the Court is Defendant's Motion for Summary Judgment. [Dkt. No. 25].[1] After duly considering the summary judgment motion, response, reply, sur-reply, and applicable law, Defendant's motion for summary judgment is GRANTED.

**I. BACKGROUND**

A complete factual recitation is unnecessary for the resolution of the present matter. The Court therefore only includes those facts it deems relevant. What follow are undisputed facts.

On January 30, 2004, Jose V. Abano ("Abano") filed a formal administrative complaint against Michael Chertoff, Secretary of the Department of Homeland Security, Customs and Border Protection ("Defendant" or "Department of Homeland Security"), claiming employment discrimination pursuant to Title VII of the Civil Rights Act of 1964. [Dkt. No. 25, Ex. 3 at 1]. After Defendant filed a motion for a decision without a hearing, [*id.* at 4], an Administrative Judge ("AJ")

---

[1] "Dkt. No." refers to the docket number entry in the Court's electronic filing system. This format will be used to cite the parties' documents on file with the Court.

from the San Antonio District Office of the Equal Employment Opportunity Commission ("EEOC") granted summary judgment in favor of Defendant. *Id*. at 12. According to the AJ, the evidence did not support Abano's allegations of discrimination. *Id.* On April 7, 2005, the Department of Homeland Security issued a final order, implementing the AJ's decision. *Id.* at 15. Abano appealed.

On November 7, 2005, the EEOC affirmed the agency's final order. *Id.* at 20. In its decision, the EEOC specifically informed Abano that he had "the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision."[2] *Id.* at 22. It further alerted Abano that "[f]or timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed." *Id.* at 23.

On February 15, 2006, Abano filed his Original Complaint with this Court. [Dkt. No. 1]. On May 1, 2007, Defendant filed a motion for summary judgment. [Dkt. No. 25]. On May 23, 2007, Abano filed Plaintiff's Response to Defendant's Motion for Summary Judgment.[3]

## II. DISCUSSION

In its summary judgment motion, Defendant makes two independent arguments. First, it claims Abano's Title VII claims are time barred by the 90-day statute of limitations. [Dkt. No. 25

---

[2] The Court will refer to the EEOC letter as the "right to sue letter."

[3] By the Court's calculation, Abano's response was due on May 21, 2007. *See* LOCAL RULES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS LR 7.3 ("Opposed motions will be submitted to the judge *twenty days* from filing without notice from the clerk and without appearance by counsel." (emphasis added)); LR 7.4 (enumerating that failure to respond will be taken as a representation of no opposition, and that responses to motions must be filed by the submission day). Since Abano filed his response on May 23, 2007, it appears to be two days late. The Court, rather than strike Abano's untimely response, *see El-Kaissi v. Martinaire, Inc.*, No. L-03-132, 2005 U.S. Dist. LEXIS 43417, at *3-19 (S.D. Tex. Nov. 3, 2005)(adopting magistrate judge's recommendation that plaintiff's untimely response be stricken pursuant to Local Rules 7.3 and 7.4, and explaining importance of deadlines which allow courts to function efficiently), will proceed as if it was timely filed.

at 8]. Second, Defendant contends Abano is unable to establish a case of employment discrimination. *Id.* at 11-15. The Court commences its discussion by setting forth the summary judgment standard, and will then address the timeliness of Abano's complaint.

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c).

The party seeking summary judgment bears the initial burden. To satisfy its burden the moving party must inform the court of the basis for its motion and identify those portions of the record "which [the moving party] believes demonstrates the absence of a genuine issue of material fact" with respect to issues on which the movant bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 327 (1986); *Martinez v. Schlumber, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). The movant meets its initial burden by showing that the "evidence in the record would not permit the nonmovant to carry its burden of proof at trial." *Smith v. Brenoettsy*, 158 F.3d 908, 911 (5th Cir. 1998). While a genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party[,]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), the moving party need not negate the elements of the nonmovant's case. *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996).

Once a moving party has met its burden, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, [rather] the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial." FED.R.CIV.P. 56(c). "The

nonmovant's burden is not satisfied by 'some metaphysical doubt as to material facts,' conclusory allegations, unsubstantiated assertions, speculation, the mere existence of some alleged factual dispute, or 'only a scintilla of evidence.'" *P. Borgades-Account B, L.P. v. Air Products, L.P.*, 369 F. Supp. 2d 860, 865 (E.D. Tex. 2004)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Instead, "the nonmoving party must come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (quoting FED.R.CIV.P. 56(e)). There is no issue for trial where the record taken as a whole could not lead a rational trier of fact to find for the nonmovant. *Id.* Also, if an adverse party completely fails to make a showing sufficient to establish an essential element of that party's case on which it will bear the burden of proof at trial, then all other facts are rendered immaterial and the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 322-23.

The nonmovant's evidence is to be believed with all inferences drawn and all reasonable doubts resolved in its favor. *Palmer v. BRG of Ga., Inc.*, 498 U.S. 46, 49 n.5 (1990)(citing *Anderson*, 477 U.S. at 255). The evidence is construed "in favor of the nonmoving party, however, only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts[,]" *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999), but only reasonable inferences will be drawn from the evidence in favor of the nonmoving party, *Eastman Kodak Co. v. Image Tech, Servs., Inc.*, 504 U.S. 451, 469 n.14 (1992).

### B. Timeliness of Title VII Claims

Under Title VII, claimants have ninety days to file a civil action after receiving a right to sue notice from the EEOC. *Nielsen v. City of Moss Point, Miss.*, 674 F.2d 379, 381 (5th Cir. 1982)(citing 42 U.S.C. § 2000e-5(f)(1)). The ninety day limitation is strictly construed. *Taylor v.*

*Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002)(citation omitted). Courts within the Fifth Circuit have repeatedly dismissed cases in which the plaintiff filed a complaint after the ninety day limitation period expired. *Id.* (citation omitted).

"Title VII provides in no uncertain terms that the ninety-day period of limitations begins to run on the date that the EEOC right-to-sue letter is *received* . . . ." *Taylor*, 296 F.3d at 379; *see Morgan v. Potter*, No. 06-30419, 2007 U.S. App. LEXIS 13140, at *1 (5th Cir. June 6, 2007)("[Plaintiff] had ninety days from *receipt* of the [right to sue letter] to file suit."); *Hunter Reed v. City of Houston*, 244 F. Supp. 2d 733, 740 (S.D. Tex. 2003)("It is generally recognized that the ninety-day period begins to run 'on the date the EEOC right-to-sue letter is delivered to the offices of formally designated counsel or to the claimant.'" (quoting *Ringgold v. Nat'l Maint. Corp.*, 796 F.2d 769, 770 (5th Cir. 1986))). "[T]he giving of notice to the claimant at the address designated by him suffices to start the ninety-day period unless the claimant, through no fault of his own, failed to receive the right-to-sue letter or unless, for some other equitable reason, the statute should be tolled until he actually receives notice." *Espinoza v. Missouri Pacific R. Co.*, 754 F.2d 1247, 1250 (5th Cir. 1985). "When the date on which a right-to-sue letter was actually received is either *unknown* or *disputed*, courts have presumed various receipt dates ranging from three [five or] seven days after the letter was mailed." *Taylor*, 296 F.3d at 379 (citations omitted)(emphasis added); *see Lozano v. Ashcroft*, 258 F.3d 1160, 1165 (10th Cir. 2001)(concluding presumption of receipt is appropriate whenever the actual receipt date is unknown or disputed).

In the instant case, Abano avers:

On November 20, 2005, I received the EEOC's decision on my appeal. When I retrieved the letter from my mailbox on November 20, 2005, I wrote that date on the [outside of the envelope] . . . . Each time I checked my mailbox prior to November

5

> 20, 2005, the EEOC decision and notice dated November 7, 2005 was not present. I would check my mailbox every three days. My mailbox was not on my property, it was about a two or three minute walk down the road. My practice was to check my mailbox every three days, so I would have checked my box three days before on November 17, 2005. As I stated before, at no time prior to November 20, 2005, was there a decision from the EEOC when I checked my mailbox. The issue of timing in relation to the present matter could have been avoided if the EEOC had sent the letter by certified mail.

[Dkt. No. 26, Ex. 2 at 6-7].

It is undisputed that on November 20, 2005, Abano checked his mailbox and found the right to sue letter. *Id*. However, as set forth below, the date on which Abano received the right to sue letter is unknown and disputed.

Abano claims he "received" the EEOC's letter informing him of his right to file a civil suit on November 20, 2005.[4] *Id*. at 6. Defendant however correctly points out that November 20, 2005, was a Sunday. [Dkt. No. 25 at 10 n.2]. Because the United States Postal Service does not usually deliver mail on Sundays, it is reasonable to conclude that the EEOC letter was not delivered and was not received on November 20th. *See* FED.R.EVID. 201(f)("Judicial notice may be taken at any stage of the proceeding."); *see also Lovelace v. Software Spectrum*, 78 F.3d 1015, 1017-18 (5th Cir. 1996)(explaining courts, in deciding dispositive motions, may consider matters of which they may take judicial notice). Abano further states that his "practice was to check [his] mailbox every three days, so [he] would have checked [his mail]box three days before on November 17, 2005." [Dkt. No. 26, Ex. 2 at 7]. The difficulty with this statement is that Abano does not aver he actually checked his mailbox on November 17, 2005. Abano merely insinuates or speculates that due to his

---

[4] Abano in his complaint, initially, claimed he received the right to sue letter on November 19, 2005. [Dkt. No. 1 at 3].

practice of checking the mailbox every three days, he "would have" checked his mailbox on November 17, 2005. Defendant also points the Court to Abano's response to an interrogatory. *Id.* at 16. In that response, Abano concedes that his routine was to check his mail "approximately" every three days, and that he "can not be specific what other days I checked my mail [between November 10, 2005 and November 20, 2005]. I can only be sure that I checked my mail on 11/20/2005." [Dkt. No. 25, Ex. 4 at 21]. Based on the foregoing, the Court concludes that because the date on which the right to sue letter was delivered is unknown and/or disputed, a presumption of receipt applies. *Taylor*, 296 F.3d at 379.

Under a three, five, or seven day presumption of receipt, Abano's claims fall outside the ninety-day period, making Abano's complaint untimely.[5] *See Taylor*, 296 F.3d at 379. This is undisputed. [Dkt. No. 25 at 11; Dkt. No. 26 at 9 n.3]. Accordingly, the Court must determine whether Abano has overcome the presumption of receipt. *See Morgan*, 2007 U.S. App. LEXIS 13140, at *4 n.1 ("If a particular plaintiff can offer some evidence to demonstrate that he or she did not receive the letter within the allotted time, the presumption can certainly be overcome.").

---

[5] The right to sue letter was mailed/postmarked November 7, 2005. Abano filed his complaint on February 15, 2006. Applying the three, five, and seven day presumption of receipt, the complaint was filed beyond the 90 day limit.

|  | Presumptive date of receipt: | Complaint presumptively filed: |
| --- | --- | --- |
| 3-day presumption | November 10, 2005 | 97 days later |
| 5-day presumption | November 12, 2005 | 95 days later |
| 7-day presumption | November 14, 2005 | 93 days later |

Abano claims he has overcome the presumption of receipt by offering evidence that he did not receive the letter within the allotted time, i.e., within three, five, or seven days after November 7, 2005. [Dkt. No. 28 at 3]. For this proposition he cites to his own affidavit, the envelope with Abano's handwritten date, and the declaration of Robert Ragels ("Ragels").[6] *Id.*

As already discussed above, Abano's affidavit merely establishes that Abano "retrieved" the right to sue letter on November 20, 2005. State differently, Abano's affidavit fails to demonstrate that he received the right to sue letter on November 20, 2005, or that he actually checked his mailbox on November 17. The Court further notes that it will "not regard the presence of a self-serving date-of-receipt notation on the claimant's copy of a right-to-sue letter [or envelope] . . . as evidence rebutting the presumption that the letter was received three [five or seven] days after its typewritten date, unless the claimant also presented an affidavit or other admissible evidence of receipt on the noted date." *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 526 (2d Cir. 1996). The Court therefore focuses on the declaration of Ragels.

In his declaration Ragels states he was a professional letter carrier with the United States Postal Service from 1999 to 2005 in Flagstaff, Arizona. [Dkt. No. 28, Ex. 2 at 14]. He further declares that Abano's attorney provided him with several envelopes that were mailed to Abano's address. *Id.* After inspecting these envelopes, Ragels concludes there were some discrepancies with the envelope postmarked November 20, 2005.[7] *Id.* The discrepancies, according to Ragels, "could

---

[6] Abano cites and makes reference to other evidence which is not dispositive, and to a certain degree, improper summary judgment evidence. The Court will not discuss this evidence; instead the Court only discusses proper and meritorious evidence.

[7] In particular Ragels claims the "7," which is the last digit of the postmarked zip code, has two small dots above it, and that "the last line in the bar code [imprinted by the Postal Service] is shorter than the rest of the long lines in the bar code." [Dkt. No. 28, Ex. 2 at 14-15].

8

cause the computer to misread th[e] bar code and address, which . . . could have caused the envelope to have been delivered to the incorrect address and the error would not have been detected until the envelope reached the incorrect address." *Id.* at 15.  Ragels continues:

> It is also possible that the barcode and the address on this letter is completely correct and this letter got somehow attached to another piece of mail via glue that was not all the way dry when the letters came in contact with each other.  If this happened, again there would be a long delay of the delivery of the envelope . . . .

*Id.*

Abano, through Ragels's declaration, has not overcome the date of receipt presumption. Ragels's declaration is not proper summary judgment evidence because it is based on mere speculation.[8] *See* Fed.R.Civ.P. 56(e)("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."); *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003)("Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." (citations omitted)); *P. Borgades-Account B, L.P. v. Air Products, L.P.*, 369 F.Supp. 2d 860, 865 (E.D. Tex. 2004)("The nonmovant's burden is not satisfied by 'some metaphysical doubt as to material facts,' conclusory allegations, unsubstantiated assertions, speculation, the mere existence of some alleged factual dispute, or 'only a scintilla of evidence.'" (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994))).  For instance, rather than declare that based on his personal knowledge the right to sue letter was mis-delivered causing a late delivery to Abano, Ragels merely theorizes that

---

[8] "Speculation" is defined as "[t]he act or practice of *theorizing* about matters over which there is no certain knowledge." BLACK'S LAW DICTIONARY 1435 (8th ed. 2004)(emphasis added).

the alleged discrepancies he discovered "could cause" or "could have caused" the envelope to have been delivered to an incorrect address. Unwilling to commit to this theory, Ragels then concedes that it is also possible that the zip code and barcode are "completely correct." He goes even further and claims that undried glue could have caused the alleged delay. The Court finds Ragels's averments to be mere speculative theories which are inappropriate within the realm of summary judgment. *See* Fed.R.Civ.P. 56(e); *Brown*, 337 F.3d at 541; *P. Borgades-Account B*, 369 F.Supp. 2d at 865.

The Court's conclusion is supported by the Supreme Court's guidance regarding the 90 day filing requirement for Title VII cases: "Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by the courts out of a vague sympathy for particular litigants." *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984)(per curiam). As a sister district court, expanding on the Supreme Court's admonition, explained:

> If this court were to find the presumption of receipt rebutted by plaintiff's self-serving declaration . . . the procedural requirements established by Congress would too easily be rendered devoid of meaning. Establishing such a low bar for rebutting the presumption would create an unacceptable invitation for fraud, abuse, and plain neglect by plaintiffs.

*Duron v. Albertson's, LLC*, No. 06-6417 SECTION "I"/3, 2007 U.S. Dist. LEXIS 12621, at *10 (E.D. Tex. Feb. 22, 2007). Moreover, the Fifth Circuit has cautioned that a plaintiff disputing receipt of his EEOC right to sue letter "should not enjoy a manipulable open-ended time extension which could render the statutory limitation meaningless." *Espinoza*, 754 F.2d at 1250 n.3 (internal quotation marks and citation omitted).

In short, because it appears the right to sue letter was mailed on November 7, 2005, Abano's complaint, filed on February 15, 2006, is untimely even applying the most generous seven day

10

presumption of receipt. *See Taylor*, 296 F.3d at 380; *Duron*, 2007 U.S. Dist. LEXIS 12621, at *12; *supra* note 5. The Court further concludes Abano has not overcome the date of receipt presumption. *See* Fed.R.Civ.P. 56(e); *Morgan*, 2007 U.S. App. LEXIS 13140, at *4 n.1; *Brown*, 337 F.3d at 541; *Espinoza*, 754 F.2d at 1250 n.3; *Duron*, 2007 U.S. Dist. LEXIS 12621, at *10. The discussion does not end here, however. Relating to timeliness, one issue remains outstanding. The remaining question is whether equitable considerations exist sufficient to support the exercise of equitable tolling.

### C. Equitable Tolling

The burden is on the claimant to show equitable tolling applies. *Hood v. Sears Roebuck & Co.*, 168 F.3d 231, 232 (5th Cir. 1999). The United States Supreme Court has enumerated some of the circumstances in which equitable tolling of the ninety-day period might be justified. These include: (1) where notice from the EEOC does not adequately inform plaintiff of the requirement that suit be commenced within the statutory period; (2) where a motion for appointment of counsel is pending; (3) where the court itself led plaintiff to believe that she had satisfied all statutory prerequisites to the lawsuit; and (4) where the defendant, through affirmative misconduct, lulled the plaintiff into inaction. *Brown*, 466 U.S. at 151 (1984); *Espinoza*, 754 F.2d at 1251.

Abano, addressing equitable tolling, claims the ninety-day time limit for filing his complaint should be equitably tolled to November 20, 2005. [Dkt. No. 26 at 10-11]. Abano also states he was not compelled by any statutory authority to check his mailbox on a daily basis; that his mailbox was located about two or three minutes from his property; and that the U.S. Postal Service is inadequate. *Id.* at 8-9. These contentions miss the point.

In this case, Abano failed to demonstrate that equitable tolling should be invoked. Abano has made no showing that the EEOC's notice was inadequate; that he was awaiting judgment regarding the appointment of counsel; or that he was misled by the Court or the Defendant. *See Brown*, 466 U.S. at 151; *Espinoza*, 754 F.2d at 1251. "Morever, there is no evidence that [Abano] had insufficient opportunity or time to file once he actually saw the notice on [November 20th]. Had plaintiff actually acted diligently, he could have filed his action in a timely manner." *Million v. Frank*, 47 F.3d 385, 389 (10th Cir. 1995). Thus, because Abano failed to show enough justification for this Court to equitably toll his late filing, his claims are time barred.

### III. CONCLUSION

The Court concludes the date of receipt presumption applies in this case. For the reasons enumerated above, Abano failed to rebut this presumption and failed to show that the filing period should be equitably tolled. Abano's claims are therefore time barred. Accordingly, Defendant's motion for summary judgment is GRANTED. [Dkt. No. 25].

It is so ORDERED.

Signed this 18th day of July, 2007, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**